This case was, on motion for a re-hearing, argued a second time. Afterwards, chancellor Mathews (in whose handwriting the deree is extant, corrected by chancellor Hutson) delivered the decree of the court.
This is a demand made by trustees under a deed, Avliich it is contended, if admitted to operate according to the intention of the grantor, will materially affect the claim of the creditors; in whose behalf it is contended, that Mr. Inglis had no right to make such a deed, because there is no legal evidence that the deed from Mr. and Mrs. In-glis to Mr. Lloyd, was intended as a trust fob the benefit of their children; but that on the contrary, it is a plain and absolute conveyance in fee simple from Inglis and wife to Lloyd, and so of Lloyd hack to Mr. Inglis. That the parol evidence offered and admitted in this cause, *338 ought tobe disregarded, and judgment to be given on the deed alone. Although the arguments were very long, and placed the case in every point in which it could possibly be viewed, we think there is but one to which our atten-iion is to be confined, and on which it will be necessary for us to decide, viz. the deeds from lnglis and wife to Lloyd, and from liim to lnglis. As to the parol evidence of Mr. Lance, although it was refused at the first hearing, hut admitted at the second, yet we are of opinion that no kind of notice should be judicially taken of it, as such cognizance would be attended with dangerous consequences, and wovdd be in direct violation of the true intent and meaning, and of the objects contemplated by the statute of frauds. A distinction has been taken at the bar between the admission of parol evidence to prove a trust of personal and of real estate: That in the first case it is admissible, though not perhaps in the second; in the latter, it clearly is not; and that is the nature of the case now before us. And we are firmly supported in this opinion by the authorities of Brown vs. Selwyn, reported in Talbot’s cases, and which was affirmed in the house of lords, by the case of Ulrick vs. Litchfield, 2 Atk. which, respected personal estate; but still, the parol ex idence was not admitted, though the chancellor said he wished to do so, yet he was not authorised to follow his inclinations: also, by the case of Parteriche vs. Powlett, in the same book, even when the parol evidence had been heard, yet the chancellor in giving his decree said, “ he should pay no regard to it, for to add any thing to an agreement in writing, by admitting parol evidence, which would affect land, would not only be contrary to the statute of frauds and perjuries, hut also to the rule of common law before that statute was in being.” By the case of Montacute vs. Maxwell, in 1 P. Wms. where the chancellor said, “ that one who relies on the honor, word, or pro - mise of another, the statute making those pi’omises void, equity will not interfere.” This is similar to tiic case before us, lor much stress has been laid on Mi’s. lnglis’ intention ol‘ ci’cating a trust for the benefit of her childi’cn, at the time she executed the deed which deprived her of *339 her inheritance in the lands in question: But as it was no more than an intention on her part, it is from hence to be •presumed that she placed an implicit confidence in her husband to have the same carried into effect; and there can be no doubt but that the trust deed from Inglis to Lloyd and Motto, and his will in consequence thereof, would have fulfilled such intentions, had there been no creditors in the case: But as there are, and they have put in their claims, we are bound to notice them accordingly. The case of Dalzell and wife vs. Timrod, determined in this court, where parol evidence was read to prove that there was a mistake in the deed, owing entirely to the drawer of the deed being ignorant of the technical meaning of the word spinster; the intention of the grantor in that case being to convey to Catharine MMuíusk, the wife of Michael M‘[nfuss, and not to Catharine the daughter. But the court overruled the evidence, declaring that they would not admit parol evidence to explain away the words of a plain and solemn deed. In the case of Todd and wife vs. the executors of Rivers, also determined in this court, parol evidence was admitted to prove that a bond and mortgage was given merely as a counter security; hut in that case the evidence of several persons was full and clear to this point; therefore, the court allowed the evidence to stand, and granted relief accordingly. For, it not being a bona fide debt, but merely a cautionary engagement by one party, to save the other harmless, as his security, these facts being- so clearly proved, under the particular circumstances of the case, the court did allow the parol evidence; and this is the only instance which we can recollect of its ever having been admitted in this court. Butin the same cause it appeared, that another bond and mortgage was given for the same purpose, on another account, but for want of sufficient proofs, the court refused to interfere. In the case also of Olyphant vs. the executors of Singleton, determined here, the court would not admit the parol evidence that had been offered as sufficient to set aside the bond. From the train of adjudications here referred to, and for the reasons we have offered, wo think we are well *340 Warranted in rejecting the evidence of Mr. Lance. And as the case then stands simply on the deed from Lloyd to Inglis, we cannot hesitate a moment to say it is a case in ■ which this court cannot interfere: And whatever might. be our private opinions, and however hard we may think £jie case -s regard to minors, yet we cannot, consistent with the rules of law, pursue any other line of conduct, but such as they prescribe. The bill must therefore be dismissed with costs.
[The court said, that notwithstanding the decree, it would be open for the defendant to file a bill against Mr, Lloyd, to discover whether the deeds from Mr. Alexander Inglis and his wife, were upon any and what trusts; and when the deed was executed; and at what time deli-, vered to his possession. This was accordingly done; but -Mr. Lloyd in his answer stated, *'•' that neither Mrs. nor Mr. Inglis at the time of the execution of the deeds of conveyance from them to him, ever signified to him that it Was their intention to create a trust estate.” That with respect to the settlement made by Mr. Inglis, after his. wife’s death, he (Mr. Lloyd) was not consulted about it; but Mr Inglis delivered him as trustee a deed under a sealed cover, which he said was a settlement of the property he had acquired by marriage on his wife’s children; and the deed remained unopened till some years afterwards, when Mr. Inglis’ property was advertised for sale by his creditors; upon which, he advised him to take the advice of counsel as to its validity, and he re-delivered the deed for that purpose. This answer not establishing any trust in the first deed, the decree was acquiesced in.]